IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Nancy Evertz,<br><br>Plaintiff,<br><br>vs.<br><br>Aspen Medical Group,<br>a Minnesota not for profit corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL FILE NO. 00-197 JRT/FLN<br><br><br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

The above-entitled matter came on for hearing before the Court upon the Motion for Protective Order brought by Defendants. Based upon the motion, all of the files and records in this case, and the argument of counsel, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED,** the following Confidentiality Provision is adopted as a Protective Order issued by this Court pursuant to Fed. R. Civ. P. 26:

1. The parties consider certain of the documents and information that have been or may be requested in this lawsuit to be confidential and/or proprietary.

2. The parties may designate documents and information as "CONFIDENTIAL" in the following manner:

   a. by imprinting the word "CONFIDENTIAL" on the first page or cover page of any document produced;

   b. by imprinting the word "CONFIDENTIAL" next to or above any answer to an interrogatory;

   c. by stating in writing that certain documents that they may inspect are "CONFIDENTIAL"; or

FILED SEP 05 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

d. with respect to portions of a deposition or hearing transcript, (i) by making arrangements with the court reporter to bind the confidential portions of the transcript separately and to label them as "CONFIDENTIAL," or (ii) by placing a statement on the record in the course of the deposition or hearing.

3. The parties shall not disclose the documents and information provided which have been designated as "CONFIDENTIAL" to anyone other than the following:

a. The parties' attorneys of record and any person employed by them;

b. Defendant, through its representatives for the purpose of preparing for discovery, depositions, trial or resolution of the case, and Plaintiff;

c. expert witnesses who have, prior to the disclosure, agreed in writing to be bound by the terms of this protective order;

d. the Court and its staff;

e. court reporters, to the extent necessary to conduct depositions or the trial in the case;

f. individuals likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings;

g. such other persons as the parties may agree in writing;

h. such other persons as the Court may specifically approve after notice and hearing; and

i. mediators in the case.

4. The people to whom paragraph 3 above permits disclosure of "CONFIDENTIAL" documents and information shall make no use of the "CONFIDENTIAL" documents and information other than to conduct this litigation.

5. All pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, and other papers filed with the Court that contain any confidential material shall be marked: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the Court in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate, and a statement in the following form:

> "This envelope contains documents filed in this action by [name of Party], generally described as [title or description of document], and is not to be opened, except for review by the Court, nor are the contents thereof to be disclosed except by order of this Court."

6. Before trial, counsel for the parties shall agree as to the appropriate means of protecting the confidentiality of the documents and information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

7. There shall be no reproduction whatsoever of any "CONFIDENTIAL" documents or information, except that, as required in the course of this litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by this Confidentiality Stipulation and Protective Order to receive such documents or information.

8. All documents and information identified as "CONFIDENTIAL," including all copies, excerpts, and summaries, must be retained in the custody of counsel and other persons authorized by this Confidentiality Stipulation and Protective Order during the pendency of this litigation except as provided in paragraph 7 above.

9. In the event that a party desires to provide access to information or documents identified as "CONFIDENTIAL" to any person not identified in paragraph 3 above, they shall request permission to do so from the opposing party. The parties shall not unreasonably refuse to grant such permission. In the event that a party does not give permission, an opposing party may move this Court for an order that that person may be given access to the document or information. In the event that a party grants permission or the motion is granted, the person receiving the "CONFIDENTIAL" document or information may have access to the "CONFIDENTIAL" document or information only if that person agrees in writing, before access is given, to be bound by the terms of this Confidentiality Stipulation and Protective Order.

10. In the event of any dispute with respect to the propriety of the designation of material as "CONFIDENTIAL INFORMATION," the parties shall attempt to resolve such dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation of material as "CONFIDENTIAL INFORMATION" may file a motion with the Court for an appropriate Order. Until the dispute respecting the designation of material as "CONFIDENTIAL INFORMATION" is resolved, the material shall continue to be treated as "CONFIDENTIAL INFORMATION."

11. No party shall be obligated to challenge the propriety or correctness of the designation of material as "CONFIDENTIAL INFORMATION" and failure to do so

shall not preclude any subsequent challenge to such designation. In the event of a challenge to the designation of material as "CONFIDENTIAL INFORMATION," the burden of proof with respect to the propriety of the confidentiality designation shall rest with the designating party.

12. Upon final termination of this action, including all appeals, a party holding information that has been designated as "CONFIDENTIAL" shall return the "CONFIDENTIAL" information, including all copies thereof, to the party who produced the information, or make appropriate arrangements for the destruction of the "CONFIDENTIAL" information, and all copies thereof, and provide a written acknowledgment of such destruction to the party who produced the "CONFIDENTIAL" information, unless the parties mutually agree otherwise.

Dated this 28th day of August, 2000.

Franklin L. Noel
Chief United States Magistrate Judge

GP:724679 v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.